UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOHN E. ANDRUS MEMORIAL, INC. (d/b/a          :          filed electronically
ANDRUS ON HUDSON,                              :
                                               :          07-CV-3432 (CLB) (KNF)
                            Plaintiff,         :
            -against-                          :
                                               :          **ANSWER**
RICHARD F. DAINES, as Commissioner of the     :
New York State Department of Health,           :
                                               :
                            Defendant.         :
-----------------------------------------------------------------x

Defendant, Richard F. Daines, as Commissioner of the New York State Department of

Health, by his attorney, Andrew M. Cuomo, Attorney General of the State of New York, answers

the Complaint as follows:

1.      Paragraphs 1-2: These paragraphs serve to introduce the action and summarize

plaintiff's claims, they do not present allegations of fact to be admitted, denied or otherwise

addressed in an answer.  To the extent a response may be deemed necessary, denies.

2.      Paragraph 3: The paragraph, in the first sentence, summarizes plaintiff's claims

and does not present allegations of fact to be admitted, denied or otherwise addressed in an answer.

To the extent a response may be deemed necessary, denies. As to the second sentence of the

paragraph, denies.

3.      Paragraph 4: Denies.

4.      Paragraph 5:  Denies knowledge or information sufficient to form a belief as to

the truth or veracity of the allegations contained therein.

5.      Paragraph 6:  Denies knowledge or information sufficient to form a belief as to

the truth or veracity of the allegations in the first two sentences. With respect to the last sentence,

admits that, while defendant has not "assured" plaintiff that governmental funding needed to pay for restructuring will be made available, the New York State Department of Health ("DOH") has made implementation funds available, as indicated on the DOH web site at http://www.health.state. ny.us/funding/rfa/0705141214/.

6.      Paragraph 7: The paragraph does not present allegations of fact to be admitted, denied or otherwise addressed in an answer. To the extent a response may be deemed necessary, denies.

7.      Paragraphs 8-10: Denies.

8.      Paragraph 11: Admits.

9.      Paragraph 12: Admits that Richard F. Daines is the Commissioner of Health for the State of New York and that he maintains offices in New York City and otherwise refers the Court to Part K of Chapter 58 of the Laws of 2003, as added by Section 31 of Part E of Chapter 63 of the Laws of 2005 (the "Enabling Legislation"), and denies to the extent plaintiff's allegations are inconsistent therewith.

10.     Paragraph 13: The paragraph cites the legal basis for plaintiff's action rather than allegations of fact to be admitted, denied or otherwise addressed in an answer. To the extent a response may be deemed necessary, denies.

11.     Paragraphs14-15: The paragraph presents a legal conclusion as to jurisdiction and venue rather than allegations of fact to be admitted, denied or otherwise addressed in an answer. To the extent a response may be deemed necessary, denies.

12.     Paragraph 16: Admits so much of the paragraph as alleges that the New York State Legislature passed, and then-Governor Pataki signed into law, the Enabling Legislation and

2

otherwise refers the Court to the Enabling Legislation and denies to the extent plaintiff's allegations are inconsistent therewith.

13.     Paragraphs 17-18: Refers the Court to the Enabling Legislation and denies to the extent plaintiff's allegations are inconsistent therewith.

14.     Paragraph 19: Admits that the New York State Commission on Healthcare Facilities in the 21st Century (the "Commission") was created pursuant to the Enabling Legislation. Admits that the Commission established a Regional Advisory Committee ("RAC") for six designated regions in New York State. Admits that the Hudson Valley RAC encompassed Delaware, Dutchess, Orange, Putnam, Rockland, Sullivan, Ulster and Westchester counties. Otherwise, refers the Court to the Enabling Legislation and denies to the extent plaintiff's allegations are inconsistent therewith.

15.     Paragraph 20: Refers the Court to the Enabling Legislation and denies to the extent plaintiff's allegations are inconsistent therewith.

16.     Paragraph 21: With respect to the first sentence, refers the Court to the Enabling Legislation and denies to the extent plaintiff's allegations are inconsistent therewith. With respect to the last sentence, denies.

17.     Paragraph 22: Denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in the first sentence. The second sentence presents a legal conclusion rather than allegations of fact to be admitted, denied or otherwise addressed in an answer and thus, to the extent a response may be deemed necessary, denies.

18.     Paragraphs 23-24: Refers the Court to the Enabling Legislation and denies to the extent plaintiff's allegations are inconsistent therewith.

3

19.     Paragraph 25: Admits that plaintiff, John E. Andrus Memorial, Inc. ("Andrus"), has been licensed since 1969 by DOH as a residential health care facility for 247 beds up to July 1, 2006, for 197 beds thereafter, and otherwise denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.

20.     Paragraph 26: Denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.

21.     Paragraph 27: Denies.

22.     Paragraph 28: Denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.

23.     Paragraph 29:  With respect to the first sentence, denies. With respect to the second sentence, admits that Andrus currently is licensed by DOH as a 197 bed residential health care facility and otherwise denies the allegations therein.  With respect to the third sentence, denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.

24.     Paragraph 30:  Admits that Andrus developed a plan to convert itself into a Continuing Care Retirement Community and otherwise denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.

25.     Paragraph 31:  Denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.

26.     Paragraph 32: Admits that DOH approved Andrus's application to be a Continuing Care Retirement Community, admit, upon information and belief, that the Village of Hastings-On-Hudson denied Andrus necessary permits, and otherwise denies knowledge or

4

information sufficient to form a belief as to the truth or veracity of the allegations contained therein.

27.    Paragraph 33: Admits that on or about January 24, 2007, DOH approved the decertification of 50 beds at Andrus and otherwise denies the allegations.

28.    Paragraph 34 : Denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.

29.    Paragraph 35: With respect to the first sentence, admits that between 2004 and 2006 Andrus received approval for three separate projects with a cumulative value of approximately $6 million. With respect to the last sentence, admits.

30.    Paragraph 36: Denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations regarding what Andrus "contemplated" and otherwise denies the allegations therein.

31.    Paragraph 37: Denies.

32.    Paragraph 38: Denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.

33.    Paragraph 39: Denies the allegation regarding "voluntary rightsizing" and otherwise denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.

34.    Paragraph 40: Denies.

35.    Paragraph 41: With respect to the first sentence, refers the Court to the Enabling Legislation and denies to the extent plaintiff's allegations are inconsistent therewith. With respect to the second sentence, denies.

5

36.     Paragraph 42:  Denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.

37.     Paragraph 43: With respect to the first sentence, admits that there were meetings between the Hudson Valley RAC and Andrus and otherwise denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.  With respect to the second sentence, denies.

38.     Paragraph 44:  With respect to the first sentence, admits.  With respect to the second sentence, denies.

39.     Paragraph 45: With respect to the first sentence, refers the Court to the report issued to the Commission by the Hudson Valley RAC and denies to the extent plaintiff's allegations are inconsistent therewith. With respect to the second sentence, denies.

40.     Paragraph 46:  With respect to the first sentence, denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.  With respect to the second sentence, refers the Court to the report issued to the Commission by the Hudson Valley RAC and denies to the extent plaintiff's allegations are inconsistent therewith.

41.     Paragraph 47:  With respect to the first sentence, refers the Court to the report issued to the Commission by the Hudson Valley RAC.  With respect to the second sentence, denies.

42.     Paragraph 48:  With respect to the first sentence, denies.  With respect to the second and third sentences, denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein. With respect to the last sentence denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegation

6

regarding the type of data Andrus provided and otherwise denies the allegations.

43.    Paragraph 49: Denies.

44.    Paragraph 50: Denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.

45.    Paragraph 51: Admits that the Hudson Valley RAC issued its recommendations to the Commission on or about November 15, 2006, that the Hudson Valley RAC recommendations were made public on or about November 28, 2006 and otherwise denies the allegations therein.

46.    Paragraph 52: With respect to the first sentence, denies. With respect to the second sentence, admits that the Commission issued its final report on November 28, 2006, refers the Court to that report and denies to the extent plaintiff's allegations are inconsistent therewith.

47.    Paragraph 53: Denies.

48.    Paragraph 54: With respect to the first sentence, refers the Court to the Commission's final report and denies to the extent plaintiff's allegations are inconsistent therewith. With respect to the second sentence, denies. With respect to the third sentence, denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.

49.    Paragraphs 55-56: Denies.

50.    Paragraph 57: With respect to the first sentence, refers the Court to the Commission's final report and denies to the extent plaintiff's allegations are inconsistent therewith. With respect to the second sentence, denies. With respect to the third sentence, denies.

51.    Paragraph 58: With respect to the first sentence, refers the Court to the Commission's final report and denies to the extent plaintiff's allegations are inconsistent therewith.

7

With respect to the rest of the paragraph, denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.

52.     Paragraphs 59-60: Denies.

53.     Paragraph 61: Refers the Court to the Commission's final report and denies to the extent plaintiff's allegations are inconsistent therewith.

54.     Paragraph 62: With respect to the first sentence, refers the Court to the Commission's final report and denies to the extent plaintiff's allegations are inconsistent therewith. With respect to the rest of the paragraph, denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.

55.     Paragraph 63: With respect to the first three sentences, refers the Court to the Commission's final report and denies to the extent plaintiff's allegations are inconsistent therewith. With respect to the last sentence, denies.

56.     Paragraph 64: Refers the Court to the Commission's final report and denies to the extent plaintiff's allegations are inconsistent therewith.

57.     Paragraph 65: With respect to the first and second sentences, denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein. With respect to the third sentence, refers the Court to the Enabling Legislation and denies to the extent plaintiff's allegations are inconsistent therewith.

58.     Paragraph 66: With respect to the first sentence, denies and otherwise with respect to the paragraph refers the Court to the Commission's final report and denies to the extent plaintiff's allegations are inconsistent therewith.

59.     Paragraph 67: Denies that the allegation that Andrus addressed all concerns that may

8

have existed in regard to the need for renovations and otherwise refers the Court to the Commission's final report and denies to the extent plaintiff's allegations are inconsistent therewith.

60. Paragraph 68: With respect to the second sentence, denies and otherwise with respect to the paragraph refers the Court to the Commission's final report and denies to the extent plaintiff's allegations are inconsistent therewith.

61. Paragraph 69: Admits.

62. Paragraph 70: Denies.

63. Paragraph 71: Admits.

64. Paragraph 72: Refers the Court to the original materials cited in the paragraph and denies to the extent plaintiff's allegations are inconsistent therewith.

65. Paragraph 73: With respect to the first sentence, refers the Court to the Commission's final report and denies to the extent plaintiff's allegations are inconsistent therewith. With respect to the rest of the paragraph, denies.

66. Paragraph 74: Repeats and reasserts prior responses.

67. Paragraphs 75-76: Denies.

68. Paragraph 77: Repeats and reasserts prior responses.

69. Paragraphs 78-79: Denies.

70. Paragraph 80: Repeats and reasserts prior responses.

71. Paragraph 81-82: Denies.

72. Paragraph 83: Repeats and reasserts prior responses.

73. Paragraphs 84-85: Denies.

74. Paragraph 86: Repeats and reasserts prior responses.

75. Paragraph 87: Denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.

76. Paragraphs 88-89: Denies.

77. Paragraph 90: Repeats and reasserts prior responses.

78. Paragraphs 91-92: Denies.

79. Paragraph 93: Repeats and reasserts prior responses.

80. Paragraph 94: Denies.

81. Paragraph 95: Denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.

82. Paragraphs 96-98: Denies.

83. Paragraph 99: Denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein.

84. Paragraph 100: Denies.

## FIRST DEFENSE

85.    Even prior to the enactment of the Enabling Legislation enabling legislation, the plaintiff did not have a property interest in any operating certificate.

## SECOND DEFENSE

86.    If plaintiff had a limited interest in an operating certificate, such interest was extinguished by the enactment of the Enabling Legislation.

## THIRD DEFENSE

87.    The Court lacks jurisdiction by virtue of the Eleventh Amendment to the United

States Constitution.

## FOURTH DEFENSE

88.    Pursuant to its police power, the State may legislate as it sees fit in a reasonable

manner, notwithstanding a claim of property right.  Further, any due process to which plaintiff

was entitled was provided through the legislative process and/or through the process provided by

the Commission.

## FIFTH DEFENSE

89.    To the extent plaintiff has asserted a claim based on the impairment of contracts

clause of the United States Constitution, the actions complained of were taken in furtherance of a

legitimate state interest and in the exercise of the State's police power, and the provisions of state

law were implicit conditions of any contract.

## SIXTH DEFENSE

90.    The Complaint fails to state a cause of action because the alleged deprivation is

not unreasonable or irrational, is reasonably related to a legitimate governmental objective, is

within the police powers of the State, and can be addressed through available due process means.

## SEVENTH DEFENSE

91.    With respect to plaintiff's due process and equal protection claims, the actions

challenged are within the police powers of the State, which permit the State to legislate and

exercise the actions complained of.

## EIGHTH DEFENSE

92.    The Enabling Legislation put every facility in the State, including plaintiff, on

notice that it was subject to closing or other action.

11

**WHEREFORE**, Defendant respectfully requests that this Court dismiss the Complaint,

with prejudice, deny the relief requested, and grant such other and further relief as the Court

deems just and proper.

Dated: New York, New York
        June 5, 2007

                                        ANDREW M. CUOMO
                                        Attorney General of the
                                          State of New York
                                        Attorney for Defendant


                                        By:_____
                                        John Gasior
                                        Assistant Attorney General
                                        120 Broadway – 24th Floor
                                        New York, New York 10271
                                        212-416-8570


To:    Peter G. Bernmann, Esq.
       Brian McGovern, Esq.
       Cadwalader, Wickersham & Taft LLP
       One World Financial Center
       New York, New York 10281
       212-504-6000