# EXHIBIT C

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

ST. JOSEPH HOSPITAL OF CHEEKTOWAGA, NEW YORK
and CATHOLIC HEALTH SYSTEM, INC.

                            Plaintiffs,

                                                        **VERIFIED**
                                                        **COMPLAINT**

ANTONIA C. NOVELLO, as New York State
Health Commissioner, THE NEW YORK STATE
COMMISSION ON HEALTHCARE FACILITIES
IN THE 21ST CENTURY, GEORGE E. PATAKI,
as Governor of the State of New York and THE STATE
OF NEW YORK

                            Defendants.

                                                        F I L E D
                                                        ACTIONS & PROCEEDINGS

                                                        NOV 2 6 2006

                                                        ERIE COUNTY
                                                        CLERK'S OFFICE

Plaintiffs, St. Joseph Hospital of Cheektowaga, New York ("St. Joseph Hospital")

and Catholic Health System, Inc. ("CHS") (collectively "Plaintiffs") by and through their

attorneys, Phillips Lytle LLP, for and as their Verified Complaint herein respectfully allege as

follows:

## INTRODUCTION

     1.     This is a proceeding for injunctive, declaratory and other relief pursuant to

New York Civil Practice Law and Rules ("CPLR") 3001 and 42 U.S.C. § 1983.

- 2 -

## PARTIES

2.      St. Joseph Hospital is a New York State domestic not-for-profit corporation operating an acute-care hospital in the Town of Cheektowaga, County of Erie, State of New York.

3.      CHS is a New York State domestic not-for-profit corporation that operates an integrated network of health care ministries operating throughout the western region of New York, with its headquarters located in the City of Buffalo, County of Erie, State of New York.

4.      Defendant Antonia Novello is sued in her representative capacity as Commissioner of the State of New York Department of Health (the "DOH"), which has its headquarters in the City of Albany, County of Albany, State of New York.

5.      Defendant George E. Pataki is sued in his representative capacity as the Governor of the State of New York.  Governor Pataki maintains his office in the City of Albany, County of Albany, State of New York.

6.      The New York State Commission on Healthcare Facilities in the 21st Century (the "Commission") is a commission created under New York law by Section 31 of Part E of Chapter 63 of the Laws of 2005.  The Commission maintains its office in the City of New York, County of New York, State of New York.

## FACTS

### CHS's Healing Ministries

7.      St. Joseph Hospital has been providing care and compassion to the sick of Western New York since the hospital was founded by the Franciscan Sisters of St. Joseph in 1960.

- 3 -

8.    CHS was formed in 1998 under the auspices of four religious sponsors: the Roman Catholic Diocese of Buffalo, the Daughters of Charity of St. Vincent de Paul, the Sisters of Mercy and the Franciscan Sisters of St. Joseph ("Four Religious Sponsors").

9.    CHS provides health care to hundreds of thousands of Western New Yorkers across its network of four hospitals – which includes St. Joseph Hospital, ten primary care centers, six diagnostic and treatment centers, a free-standing surgery center, seven long-term care facilities, two adult homes, three home care agencies, counseling services, social service, and behavioral health programs.

10.    Through their healing ministries at St. Joseph Hospital, the dedicated management and staff of CHS and St. Joseph Hospital perform the works of faith to which Catholic Christians believe the Gospels call them.

11.    St. Joseph Hospital operates pursuant to a Hospital Operating Certificate issued by the DOH.

**CHS's Voluntary Closures**

12.    Soon after its founding, CHS began an aggressive program to integrate its programs and to right-size its facilities.

13.    CHS made the difficult choice to close two of its hospitals – St. Jerome's Hospital in Batavia, and Our Lady of Victory Hospital in Lackawanna.

14.    CHS received no government assistance in absorbing the cost of closing these facilities.

15.    CHS has removed more than 90% of the patient beds in this region that have been eliminated due to hospital closures.

- 4 -

16.  For the past three years, CHS's revenues have exceeded expenditures.

17.  Hospital revenues at St. Joseph Hospital exceed expenditures.

**The Commission**

18.  The Commission was created by New York Governor George Pataki and the New York State Legislature ("Legislature") by enabling legislation contained in Section 31 of Part E of Chapter 63 of the Laws of 2005 (the "Enabling Statute").

19.  The Commission was charged with developing "recommendations for reconfiguring the state's general hospital and nursing home bed supply to align bed supply to regional needs."

**The Commission's Report and Recommendation**

20.  Pursuant to the Enabling Statute, the Commission established six Regional Advisory Commissions (the "RACs") charged with soliciting input from stakeholders and conducting public hearings.

21.  Pursuant to the Enabling Statute, the RACs made non-binding recommendations to the Commission "including specific recommendations for facilities to be closed."

22.  The Commission then made its recommendations, which include closing St. Joseph Hospital.

23.  Unless either the Governor fails to transmit written approval of the Commission's recommendations to the Commissioner of Health and to the Legislature by December 5, 2006, or the Legislature votes to adopt a concurrent resolution by a majority of the

- 5 -

members of each house by December 31, 2006, the Commissioner of Health will be charged

with implementing the recommendations of the Commission's Report effective January 1, 2007.

24.    The Commission's counsel has publicly stated that the Enabling Statute

was modeled after the Federal Base Realignment and Closure Commission.

25.    Unlike a government military base, St. Joseph Hospital is owned and

operated by a private not-for-profit corporation.

26.    Prior to the passage of the Enabling Statute, the Commissioner could only

revoke a Hospital Operating Certificate for cause after a hearing.

27.    Pursuant to the Enabling Statute, the Commissioner is to "rescind"

Operating Certificates issued to facilities the Commission has selected for closure.

28.    Pursuant to the Enabling Statute, no hearing or other process shall be

afforded facilities selected for closure.

**The Harm to CHS's Healing Ministries**

29.    St. Joseph Hospital and CHS have invested millions of dollars and

countless hours of dedicated labor to establish and maintain St. Joseph Hospital to minister to the

sick and poor of this region.

30.    Although St. Joseph Hospital participates in the federal Medicare and

federal/state Medicaid programs, St. Joseph Hospital and CHS do not rely upon government

subsidies to fund the operations of St. Joseph Hospital.

31.    CHS and St. Joseph Hospital's have a vested property interest in

St. Joseph Hospital's Hospital Operating Certificate.

- 6 -

32.     CHS and St. Joseph Hospital have relied upon St. Joseph Hospital's Hospital Operating Certificate in entering long-term contracts and incurring long-term debt obligations to support their ministries.

33.     As a member hospital of CHS, St. Joseph Hospital is part of an integrated health care delivery system created by the establishment of the Catholic Health System in 1998.

34.     CHS relies upon a team of medical professionals that provide care to patients throughout the system.

35.     Closing St. Joseph Hospital will result in favoring other Western New York hospitals at the expense of the Catholic Health System.

36.     The other major provider in the area, Kaleida Health, admitted in its testimony before members of the Commission that closing its Millard Fillmore Gates Circle facility would not result in any significant decrease in Kaleida's overall share of the Western New York health care market since Millard Fillmore Gates Circle's patients and medical staff would for the most part be consolidated into Buffalo General Hospital.

37.     Closing St. Joseph Hospital will clearly favor Kaleida Health by eliminating the only CHS facility serving the eastern neighborhoods of Buffalo and eastern suburbs of Buffalo – an area in which Kaleida Health operates a competing hospital.

38.     Along with favoring Kaleida Health, a competitor, the closing of St. Joseph Hospital will have a devastating impact on the remaining hospitals and other facilities in the Catholic Health System that rely upon the collective efforts and financial strength of the system to attract high-quality medical professionals.

- 7 -

39.     The Commission's announcement that it has selected St. Joseph Hospital for closure has caused and will continue to cause the public, the hospital's staff and its contracting partners to reconsider working for, contracting with, and utilizing the services of St. Joseph Hospital.

40.     The Commission's announcement that it has selected St. Joseph Hospital for closure has caused and will continue to cause CHS and St. Joseph Hospital irreparable harm.

## AS AND FOR A FIRST CLAIM FOR RELIEF

41.     Plaintiffs repeat and reallege paragraphs 1 through 40 as if fully set forth herein.

42.     The Enabling Statute's requirement that defendants take actions to close St. Joseph Hospital, including, but not limited to, "rescinding" St. Joseph Hospital's Hospital Operating Certificate, without any hearing or meaningful opportunity to be heard, violates St. Joseph Hospital's and CHS's right to procedural due process guaranteed by the Fourteenth Amendment of the United States Constitution.

43.     St. Joseph Hospital and CHS are entitled to a declaratory judgment that the Enabling Statute is unconstitutional under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## AS AND FOR A SECOND CLAIM FOR RELIEF

44.     Plaintiffs repeat and reallege paragraphs 1 through 43 as if fully set forth herein.

45.     Defendants' abridgment, acting under the color of state law, of the Plaintiffs' rights to procedural due process under the law as guaranteed by the Due Process

- 8 -

Clause of the Fourteenth Amendment of the United States Constitution violates 42 U.S.C.
§ 1983.

### AS AND FOR A THIRD CLAIM FOR RELIEF

46.     Plaintiffs repeat and reallege paragraphs 1 through 45 as if fully set forth
herein.

47.     The Enabling Statute's requirement that defendants take actions to close
St. Joseph Hospital, including, but not limited to, "rescinding" St. Joseph Hospital's Hospital
Operating Certificate, without any hearing or meaningful opportunity to be heard, violates
St. Joseph Hospital's and CHS's right to procedural due process guaranteed by the Article I,
section 6 of the New York State Constitution.

48.     St. Joseph Hospital and CHS are entitled to a declaratory judgment that
the Enabling Statute is unconstitutional under the Due Process Clause of Article I, section 6 of
the New York State Constitution.

### AS AND FOR A FOURTH CLAIM FOR RELIEF

49.     Plaintiffs repeat and reallege paragraphs 1 through 48 as if fully set forth
herein.

50.     St. Joseph Hospital and CHS have invested countless hours and countless
dollars creating and maintaining St. Joseph Hospital as a part of their healing ministries in
reliance on their right to maintain the Department of Health's Certificate of Operation that had
been issued them absent cause articulated in the Public Health Law.

- 9 -

51.    Defendants have not, and cannot, allege that St. Joseph Hospital has failed to comply with Article 28 of the Public Health Law warranting revocation of St. Joseph's Hospital's Certificate of Operation.

52.    Defendants' unfair abridgment, under the enabling Statutes, by rescinding St. Joseph Hospital's operating certificate, violates CHS's and St. Joseph's Hospital's right to use their liberty and property interests to advance their healing ministries in violation of their substantive due process rights under the Fourteenth Amendment of the United States Constitution.

53.    St. Joseph Hospital and CHS are entitled to a declaratory judgment that the Enabling Statute is unconstitutional under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

54.    Plaintiffs repeat and reallege paragraphs 1 through 53 as if fully set forth herein.

55.    Defendants' abridgment, acting under the color of state law, of the Plaintiffs' rights to substantive due process under the law as guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution violates 42 U.S.C. § 1983.

## AS AND FOR A SIXTH CLAIM FOR RELIEF

56.    Plaintiffs repeat and reallege paragraphs 1 through 55 as if fully set forth herein.

- 10 -

57.　　Defendants' unfair abridgment, under the enabling Statutes, by rescinding St. Joseph Hospital's operating certificate, violates CHS's and St. Joseph's Hospital's right to use their liberty and property interests to advance their healing ministries in violation of their substantive due process rights under Article I, section 6 of the New York State Constitution.

58.　　St. Joseph Hospital and CHS are entitled to a declaratory judgment that the Enabling Statute is unconstitutional under the Due Process Clause of Article I, section 6 of the New York State Constitution.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF

59.　　Plaintiffs repeat and reallege paragraphs 1 through 58 as if fully set forth herein.

60.　　CHS's Four Religious Sponsors continue to oversee the system's mission.

61.　　Both CHS and St. Joseph Hospital are part of the healing ministries of the Roman Catholic Church.

62.　　Although CHS and St. Joseph Hospital serve all the people of the Western New York region regardless of their faith, CHS and St. Joseph Hospital are dedicated to providing spiritual as well as physical healing.

63.　　The healing ministries of the Roman Catholic Church are an integral part of the Church's religious works.

64.　　To the majority of the patients who utilize St. Joseph Hospital, spiritual care is an important part of their hospital experience.

- 11 -

65.     For many of the poor and elderly living in the eastern neighborhoods of the City of Buffalo and eastern suburbs of Buffalo, the closing of St. Joseph Hospital will effectively eliminate their choice to seek treatment at a religiously affiliated hospital.

66.     Members of the Commission invited Kaleida Health to special hearings in which the Commission took testimony from Kaleida Health representatives on Kaleida Health's plan for "right-sizing" Western New York's hospitals, which called for the elimination of a CHS hospital.

67.     Members of the Commission gave neither CHS nor any of its member facilities any similar hearings inviting CHS to provide a plan for hospital closings in the Western Region of New York State.

68.     The Defendants' actions to effect the closing of St. Joseph Hospital violate the rights of St. Joseph Hospital, CHS, and the patients they serve to free exercise of their religious beliefs in violation of the First Amendment of the United States Constitution.

69.     St. Joseph Hospital and CHS are entitled to a declaratory judgment that the Enabling Statute is unconstitutional under the Free Exercise Clause of the First Amendment of the United States Constitution.

### AS AND FOR A EIGHTH CLAIM FOR RELIEF

70.     Plaintiffs repeat and reallege paragraphs 1 through 69 as if fully set forth herein.

71.     Defendants' abridgment, acting under the color of state law, of the Plaintiffs' rights to the free exercise of religion guaranteed by the First Amendment of the United States Constitution violates 42 U.S.C. § 1983.

- 12 -

## AS AND FOR A NINTH CLAIM FOR RELIEF

72.    Plaintiffs repeat and reallege paragraphs 1 through 71 as if fully set forth herein.

73.    Defendants' actions to effect the closing of St. Joseph Hospital violates the rights of St. Joseph Hospital, CHS and the patients they serve to free exercise of their religious beliefs in violation of Article 1, section 3 of the New York State Constitution.

74.    St. Joseph Hospital and CHS are entitled to a declaratory judgment that the Enabling Statute is unconstitutional under the free exercise of religion clause of Article 1, section 3 of the New York State Constitution.

## AS AND FOR A TENTH CLAIM FOR RELIEF

75.    Plaintiffs repeat and reallege paragraphs 1 through 74 as if fully set forth herein.

76.    Defendants' actions to effect the closing of St. Joseph Hospital favor secular institutions over religious institutions, represent excessive entanglement of the state in the matters of religious institutions, and violate the establishment clause of the First Amendment of the United States Constitution.

77.    St. Joseph Hospital and CHS are entitled to a declaratory judgment that the Enabling Statute is unconstitutional under the Establishment Clause of the First Amendment of the United States Constitution.

## AS AND FOR A ELEVENTH CLAIM FOR RELIEF

78.    Plaintiffs repeat and reallege paragraphs 1 through 77 as if fully set forth herein.

- 13 -

79.      Defendants' abridgment, acting under the color of state law, of the

Plaintiffs' rights against the establishment of religion, as guaranteed by the First Amendment of

the United States Constitution, violates 42 U.S.C. § 1983.

## AS AND FOR A TWELFTH CLAIM FOR RELIEF

80.      Plaintiffs repeat and reallege paragraphs 1 through 79 as if fully set forth

herein.

81.      The Enabling Statute provides for the Commissioner of the Department of

Health to rescind the operating certificate of each hospital the Commission recommends for

closure.

82.      The New York State Administrative Procedure Act ("SAPA") requires the

Commissioner to provide St. Joseph Hospital specific procedural rights before revoking its

operating certificate.

83.      The Enabling Statute violates St. Joseph's Hospital's and CHS's rights

established by the SAPA.

84.      St. Joseph Hospital and CHS are entitled to judgment declaring that the

Enabling Statute violates the SAPA, and that St. Joseph's Hospital's Hospital Operating

Certificate cannot be rescinded pursuant to such Enabling Statute.

## AS AND FOR A THIRTEENTH CLAIM FOR RELIEF

85.      Plaintiffs repeat and reallege paragraphs 1 through 84 as if fully set forth

herein.

- 14 -

86.     St. Joseph Hospital has contracts with physicians, staff, vendors, lenders and others that St. Joseph Hospital and CHS will not be able to complete if St. Joseph Hospital's operating certificate is "rescinded" or revoked.

87.     The Enabling Statute violates St. Joseph Hospital's and CHS's rights under the Contracts Clause of Article 1 of the United States Constitution.

88.     St. Joseph Hospital and CHS are entitled to judgment declaring that the Enabling Statute violates the Contracts Clause of Article I, section 10 of the United States Constitution.

## AS AND FOR A FOURTEENTH CLAIM FOR RELIEF

89.     Plaintiffs repeat and reallege paragraphs 1 through 88 as if fully set forth herein.

90.     Defendants' abridgment, acting under the color of state law, of the Plaintiffs' rights against state interference with Plaintiffs' contracts in violation of Article I, section 10 of the United States Constitution violates 42 U.S.C. § 1983.

## AS AND FOR A FIFTEENTH CLAIM FOR RELIEF

91.     Plaintiffs repeat and reallege paragraphs 1 through 90 as if fully set forth herein.

92.     George E. Pataki, as Governor of the State of New York, obtained a contingent commitment from the federal Centers for Medicare and Medicaid Services ("CMS") to provide $1.5 billion in federal funding for investment in New York State's health care reform initiatives as a part of the Federal-State Health Reform Partnership ("F-SHRP").

- 15 -

93.     Payment of the F-SHRP funding is contingent upon the implementation of the Commission's recommendations.

94.     The Governor's briefing on the F-SHRP funding provides that the Governor's agreement with CMS "locks in the Commission's finding."

95.     The Enabling Statute provides a mechanism for the both houses of the New York State Legislature to reject the Commission's findings.

96.     The Governor's agreement with CMS thus requires the State Legislature to forfeit New York's access to $1.5 billion in federal funds as a price for rejecting the findings of the Commission.

97.     The Governor's agreement with CMS purports to "lock in" the Commission's finding, and usurp the role of the New York State Legislature to review, consider, and make law under Article III of the New York State Constitution.

98.     Plaintiffs are entitled to a declaration that the Governor's agreement with CMS violates the separation of powers doctrine implicit in Articles III and IV of the New York State Constitution.

WHEREFORE, Plaintiffs respectfully request:

i.     On Plaintiffs' first claim for relief;

a.     A judgment declaring that Section 31 of Part E of Chapter 63 of the Laws of 2005, is unconstitutional as violative of plaintiffs' rights guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution; and

b.     An order permanently enjoining Defendants from taking any action to enforce the provisions of Section 31 of Part E of Chapter 63 of the Laws of 2005.

- 16 -

    ii.     On Plaintiffs' second claim for relief;

        a.     A judgment declaring that Section 31 of Part E of Chapter 63 of the Laws of 2005, is unconstitutional as violative of Plaintiffs' rights guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution; and

        b.     An order permanently enjoining Defendants from taking any action to enforce the provisions of Section 31 of Part E of Chapter 63 of the Laws of 2005; and

        c.     An order requiring Defendants to pay Plaintiffs, pursuant to 42 U.S.C. § 1988, their attorneys' fees for commencing and prosecuting this action.

    iii.     On Plaintiffs' third claim for relief;

        a.     A judgment declaring that Section 31 of Part E of Chapter 63 of the Laws of 2005, is unconstitutional as violative of plaintiffs' rights guaranteed by the Due Process Clause of Article I, section 6 of the New York State Constitution; and

        b.     An order permanently enjoining Defendants from taking any action to enforce the provisions of  Section 31 of Part E of Chapter 63 of the Laws of 2005.

    iv.     On Plaintiffs' fourth claim for relief;

        a.     A judgment declaring that Section 31 of Part E of Chapter 63 of the Laws of 2005, is unconstitutional as violative of Plaintiffs' rights guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution; and

        b.     An order permanently enjoining Defendants from taking any action to enforce the provisions of Section 31 of Part E of Chapter 63 of the Laws of 2005; and

    v.     On Plaintiffs' fifth claim for relief;

- 17 -

a.      A judgment declaring that Section 31 of Part E of Chapter 63 of the Laws of 2005, is unconstitutional as violative of Plaintiffs' rights guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution; and

b.      An order permanently enjoining Defendants from taking any action to enforce the provisions of Section 31 of Part E of Chapter 63 of the Laws of 2005; and

c.      An order requiring Defendants to pay Plaintiffs, pursuant to 42 U.S.C. § 1988, their attorneys' fees for commencing and prosecuting this action.

vi.     On Plaintiffs' sixth claim for relief;

a.      A judgment declaring that Section 31 of Part E of Chapter 63 of the Laws of 2005, is unconstitutional as violative of Plaintiffs' rights guaranteed by the Due Process Clause of the Article I, section 6 of the New York State Constitution; and

b.      An order permanently enjoining Defendants from taking any action to enforce the provisions of Section 31 of Part E of Chapter 63 of the Laws of 2005; and

vii.    On Plaintiffs' seventh claim for relief;

a.      A judgment declaring that Section 31 of Part E of Chapter 63 of the Laws of 2005 is unconstitutional as violative of Plaintiffs' rights guaranteed by the Free Exercise Clause of the First Amendment of the United States Constitution; and

b.      An order permanently enjoining Defendants from taking any action to enforce the provisions of Section 31 of Part E of Chapter 63 of the Laws of 2005.

viii.   On Plaintiffs' eighth claim for relief;

- 18 -

     a.     A judgment declaring that Section 31 of Part E of Chapter 63 of the Laws of 2005, is unconstitutional as violative of Plaintiffs' rights guaranteed by the Free Exercise Clause of the First Amendment of the United States Constitution; and

     b.     An order permanently enjoining Defendants from taking any action to enforce the provisions of Section 31 of Part E of Chapter 63 of the Laws of 2005; and

     c.     An order requiring Defendants to pay Plaintiffs, pursuant to 42 U.S.C. § 1988, their attorneys' fees for commencing and prosecuting this action.

     ix.     On Plaintiffs' ninth claim for relief;

     a.     A judgment declaring that Section 31 of Part E of Chapter 63 of the Laws of 2005, is unconstitutional as violative of Plaintiffs' rights guaranteed by the free exercise of religion clause of Article I, section 3, of the New York State Constitution; and

     b.     An order permanently enjoining Defendants from taking any action to enforce the provisions of Section 31 of Part E of Chapter 63 of the Laws of 2005.

     x.     On Plaintiffs' tenth claim for relief;

     a.     A judgment declaring that Section 31 of Part E of Chapter 63 of the Laws of 2005, is unconstitutional as violative of Plaintiffs' rights guaranteed by the Establishment Clause of the First Amendment of the United States Constitution; and

     b.     An order permanently enjoining Defendants from taking any action to enforce the provisions of Section 31 of Part E of Chapter 63 of the Laws of 2005.

     xi.     On Plaintiffs' eleventh claim for relief;

- 19 -

a.      A judgment declaring that Section 31 of Part E of Chapter 63 of the Laws of 2005, is unconstitutional as violative of aplaintiffs' rights guaranteed by the Establishment Clause of the First Amendment of the United States Constitution; and

b.      An order permanently enjoining Defendants from taking any action to enforce the provisions of Section 31 of Part E of Chapter 63 of the Laws of 2005; and

c.      An order requiring Defendants to pay Plaintiffs, pursuant to 42 U.S.C. § 1988, their attorneys' fees for commencing and prosecuting this action.

xii.    On Plaintiffs' twelfth claim for relief;

a.      A judgment declaring that Section 31 of Part E of Chapter 63 of the Laws of 2005, violates the Plaintiffs' rights guaranteed by the SAPA; and

b.      An order permanently enjoining Defendants from taking any action to enforce the provisions of Section 31 of Part E of Chapter 63 of the Laws of 2005.

xiii.   On Plaintiffs' thirteenth claim for relief;

a.      A judgment declaring that Section 31 of Part E of Chapter 63 of the Laws of 2005, is unconstitutional as violative of Plaintiffs' rights guaranteed by the Contracts Clause of Article I, section 10, of the United States Constitution; and

b.      An order permanently enjoining Defendants from taking any action to enforce the provisions of Section 31 of Part E of Chapter 63 of the Laws of 2005.

xiv.    On Plaintiffs' fourteenth claim for relief;

a.      A judgment declaring that Section 31 of Part E of Chapter 63 of the Laws of 2005, is unconstitutional as violative of Plaintiffs' rights guaranteed by the Contracts Clause of Article I, section 10, of the United States Constitution;

- 20 -

b.    An order permanently enjoining Defendants from taking any action to enforce the provisions of Section 31 of Part E of Chapter 63 of the Laws of 2005; and

c.    An order requiring Defendants to pay Plaintiffs, pursuant to 42 U.S.C. § 1988, their attorneys' fees for commencing and prosecuting this action.

xv.    On Plaintiffs' fifteenth claim for relief;

a.    A judgment declaring that Section 31 of Part E of Chapter 63 of the Laws of 2005, is unconstitutional as violative of the separation of powers doctrine embodied in Article III, section 1, of the New York Constitution; and

b.    An order permanently enjoining Defendants from taking any action to enforce the provisions of Section 31 of Part E of Chapter 63 of the Laws of 2005.


DATED:    Buffalo, New York
          November 28, 2006

                              PHILLIPS LYTLE LLP

                              By: _____
                                  Kenneth A. Manning
                                  William P. Keefer
                              Attorneys for Plaintiffs
                              Suite 3400, One HSBC Center
                              Buffalo, New York  14203-2887
                              (716) 847-8400


Doc # 01 1622856 1

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

ST. JOSEPH HOSPITAL
OF CHEEKTOWAGA, NEW YORK
and CATHOLIC HEALTH SYSTEM, INC

                       Plaintiffs,

                                                       **CORPORATE**

v.                                                     **VERIFICATION**

ANTONIA C. NOVELLO, as New York State
Health Commissioner, THE NEWYORK STATE
COMMISSION ON HEALTHCARE FACILITIES
IN THE 21ST CENTURY, GEORGE E. PATAKI,
as Governor of the State of New York and THE STATE
OF NEW YORK

                       Defendants.

---

STATE OF NEW YORK     )
                         )cc.:
COUNTY OF ERIE       )

        Joseph D. McDonald, being duly sworn, deposes and says that he is the President

of Catholic Health System, Inc, plaintiff in this action; that he has read the foregoing Verified

Complaint and know the contents thereof; that the Verified Complaint is true to his knowledge,

except as to matters alleged upon information and belief , and as to those matters, he believes it

to be true.

                                         _____
                                        Joseph D. McDonald

Sworn to before me this
\_\_\_ day of November, 2006

_____
        Notary Public

Doc # 01-1623221.1

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

To commence the statutory time
period for appeals as of right
(CPLR 5513[a]), you are
advised to serve a copy of
this order, with notice of
entry, upon all parties.

P R E S E N T :

   HON. ORAZIO R. BELLANTONI
   JUSTICE OF THE SUPREME COURT

------------------------------------

COMMUNITY HOSPITAL AT DOBBS FERRY and
ST. JOHN'S RIVERSIDE HOSPITAL,

               Plaintiffs,

       - against -

ANTONIA C. NOVELLO, as Commissioner of
the New York State Department of Health,
THE NEW YORK STATE COMMISSION ON
HEALTHCARE FACILITIES IN THE 21ST
CENTURY, STEPHEN BERGER, as Commissioner
of the New York State Commission on
Healthcare Facilities in the 21st Century,
ELIOT SPITZER, as Governor of the State
of New York, SHELDON SILVER, as Speaker
of the New York State Assembly, JOSEPH L.
BRUNO, as Temporary President and Majority
Leader of the New York State Senate, the
NEW YORK STATE ASSEMBLY, the NEW YORK STATE
SENATE, and the STATE OF NEW YORK,

               Defendants.

------------------------------------

+-----------------------------+
| FILED & ENTERED             |
|                             |
| 7|10  2007                  |
|                             |
| WESTCHESTER COUNTY          |
| CLERK                       |
+-----------------------------+

**SHORT FORM ORDER**
Index No. 24650/06
Motion Date: 4/11/07

    Plaintiffs move for an order, pursuant to CPLR 6301 and 28
USC §1983, preliminarily enjoining the Commissioner of the New
York State Department of Health from taking any further steps to
implement the recommendation of the New York State Commission on
Healthcare Facilities in the 21st Century that the Community
Hospital at Dobbs Ferry cease operations and close.

    Defendants cross-move for an order, pursuant to CPLR 3212,
granting summary judgment.

    The following papers were read:

Notice of Motion - Affirmation in Support of Leonard M.     1-13
Rosenberg, Esq. - Annexed Exhibits A-G - Affidavit in
Support of Ronald J. Corti - Annexed Exhibits A-B
- Affidavit in Support of James Foy

Plaintiffs' Memorandum of Law in Support                          14
Notice of Cross-Motion – Affirmation in Support of Judith     15-18
C. McCarthy, Esq. – Annexed Exhibits A-B
Affidavit of Janette A. Simms – Annexed Exhibits A-Q          19-36
Affidavit of Neil Benjamin – Annexed Exhibit A               37-38
Defendants' Memorandum of Law – Annexed Exhibits A-B         39-41
Affirmation of Leonard M. Rosenberg, Esq. – Annexed          42-48
Exhibits A-F
Affidavit of James Foy                                          49
Plaintiffs' Memorandum of Law                                  50
Reply Affirmation of Judith C. McCarthy, Esq.                  51

Upon the foregoing papers it is hereby ORDERED that
plaintiffs' motion for a preliminary injunction is granted.

A review of the evidence submitted to the Court reveals that
plaintiffs have demonstrated: (1) a likelihood of ultimate
success on the merits; (2) that they would suffer irreparable
harm unless the injunction is granted; and (3) that the equities
are balanced in their favor. Jurlique, Inc. v Austral Biolab
Pty., Ltd., 187 AD2d 637, 639 (2nd Dept 1992) citing Fischer v
Deitsch, 168 AD2d 599 and Koursiaris v Astoria N. Dev., 143 AD2d
639. Accordingly, a preliminary injunction shall issue. Harbor
View Association v Sucher, 237 AD2d 488, 490 (2nd Dept 1997).

Public Health Law § 2806 gives the Commissioner of the
Department of Health the authority to "revoke, suspend, limit, or
modify " the operating license of any New York hospital based on
the analysis of public need. However, pursuant to said law, the
hospital is required to receive specific notice and an
evidentiary hearing prior to the revocation of its license.

No specific notice was ever sent to Dobbs Ferry hospital
indicating that the Commissioner of the Department of Health
intends  to hold an evidentiary hearing in accordance with the
Public Health Law to determine whether to close down said
hospital. Said notice guarantees the hospital's constitutional
Fourteenth Amendment due process, i.e. that "... nor  shall any
State deprive any person of life, liberty or property, without
due process of law..." Inadequate notice is no notice at all.

The Berger Commission did not provide adequate notice to
Dobbs Ferry hospital that it was being closed. It reviewed every
hospital and nursing home in New York State without identifying
which facilities were likely to be recommended for closure. This
generalized notice did not fulfill Dobbs Ferry's guarantee of
procedural due process.

2

The notice must be reasonably specific, and must give the noticed party enough time and information with which to prepare a sufficient defense. It is to be noted that the decision of the Berger Commission to close Dobbs Ferry hospital does not state the position of Dobbs Ferry hospital; that is because the Commission never sought Dobbs Ferry hospital's response as to why the hospital should stay open. In other words, Dobbs Ferry hospital was never given the opportunity to submit a defense in accordance with New York State Public Health Law.

Accordingly, plaintiffs are granted a preliminary injunction staying any further action or proceeding by the Commissioner of Health to implement Dobbs Ferry's closure, pending a final determination of this action.

It is hereby further ORDERED that defendants' cross-motion for summary judgment is denied.

In the instant action, plaintiffs allege a variety of constitutional and statutory challenges to legislation which created the New York State Commission on Healthcare Facilities in the Twenty-First Century. Plaintiffs also seek to challenge the Berger Commission's recommendation that Community Hospital at Dobbs Ferry be closed.

On a motion for summary judgment, the test to be applied is whether triable issues of fact exist or whether on the proof submitted judgment can be granted to a party as a matter of law. See Andre v Pomeroy, 35 NY2d 361 (1974). The movant must set forth a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. See Alvarez v Prospect Hospital, 68 NY2d 320 (1986). Once the movant sets forth a prima facie case, the burden of going forward shifts to the opponent of the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact. See Zuckerman v City of New York, 49 NY2d 557 (1980). However, the failure to meet the initial burden of persuasion requires that the application be denied regardless of the sufficiency of the opposing papers. See Torres v Industrial Container, 305 AD2d 136 (1st Dept 2003).

Here, defendants have not set forth a prima facie showing of entitlement to judgment as a matter of law. See Weingrad v New York University Medical Center, 64 NY2d 851, 853 (1985); see also Coley v Michelin Tire Corp., 99 AD2d 795, 796 (2nd Dept 1984). Counsel's affirmation alone, with no sworn affidavit from someone with personal knowledge of the facts to substantiate its claims, is insufficient. See Menzel v Plotnick, 202 AD2d 558 (2nd Dept 1994). Moreover, multiple genuine triable issues of material fact exist. Finally, as discovery has not yet taken place, the

3

application is premature.  See Afzal v Board of Fire Comm'rs of Bellmore Fire Dist. 23 AD3d 507 (2nd Dept 2005), Executive • Aviation Servs., Inc. v Flightways of Long Island, Inc., 15 AD3d 611 (2nd Dept 2005) and Rengifo v City of New York, 7 AD3d 773 (2nd Dept 2004); see also Ross v Curtis-Palmer Hydro-Electric Co., 81 NY2d 494 (1993), Yadgarov v Dekel, 2 AD3d 631 (2nd Dept 2003) and Almonte v Latortue, 293 AD2d 431 (2nd Dept 2002). Pursuant to CPLR 3212(f), "[s]hould it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had ... ."

     Accordingly, summary judgment is inappropriate at this time. See CPLR 3212(b).

     This matter is scheduled for a preliminary conference on July 31, 2007 at 9:30 A.M. in courtroom 1203 at the Westchester County Courthouse, 111 Dr. Martin Luther King, Jr. Boulevard, White Plains, New York.

Dated: July 10, 2007
       White Plains, New York

                                    _Orazio R. Bellantoni_
                                    HON. ORAZIO R. BELLANTONI
                                    Justice of the Supreme Court

Garfunkel, Wild & Travis, P.C.
Attorneys for Plaintiffs
111 Great Neck Road
Great Neck, New York 11021

Andrew M. Cuomo
Attorney General of the State of New York
Attorney for Defendants
101 East Post Road
White Plains, New York 10601

4