# CADWALADER

Cadwalader, Wickersham & Taft LLP
New York London Charlotte Washington Beijing

One World Financial Center, New York, NY 10281
Tel 212 504 6000  Fax 212 504 6666
www.cadwalader.com

April 22, 2008

**VIA FACSIMILE AND FEDERAL EXPRESS**

Honorable Charles L. Brieant
United States District Judge
United States District Court for the
   Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

    Re:    John E. Andrus Memorial, Inc. (d/b/a Andrus on Hudson) v. Daines
           07-CV-3432 (CLB) (KNF)

Dear Judge Brieant:

I just received Mr. Gasior's letter of today's date, referring no longer to a "letter" from the Department of Health to our client, John E. Andrus Memorial, Inc. (the "Andrus"), but to an "amended operating certificate, which would terminate on June 30, 2008". Terminating the Andrus' operating certificate on June 30, 2008 is, of course, precisely what the Berger Commission mandated in its Final Report, and precisely what the Andrus has sought to enjoin in this action. Mr. Gasior concedes as much, stating that the Department of Health specifically chose June 30th as "the date for the amended certificate to terminate because that is also the termination date of DOH's authority under the Enabling Legislation to effectuate the Berger Commission's recommendations." While Mr. Gasior had assured counsel that issuing the missive would not change the status quo, it is hard to conceive of an act that would more definitively move the Andrus toward the June 30, 2008 closure mandated by the Berger Commission than the termination of its operating certificate on that date. After all, the current operating certificate of the Andrus does not have any expiration date.

With an Andrus' "amended" operating certificate due to expire in a little over two months, it is at best disingenuous for defendant to maintain that issuing this document "will have no consequence whatsoever to Andrus' day-to-day operation prior to June 30, 2008", or that "the Andrus would not be required to disclose the amended certificate to residents, physicians, vendors or the community." Nothing could be further from the truth: termination of the Andrus' operating certificate on June 30, 2008 means that the Andrus would be compelled to shutter the nursing home and transfer all of its 196 residents by that date. A license to operate a nursing facility expiring on a date certain means that no Medicaid, Medicare or insurance company payments could properly be made for services after that date.

CADWALADER

Honorable Charles L. Brieant
April 22, 2008

Mr. Gasior suggests that if the Court were to grant a preliminary injunction (which defendant intends to oppose), the Department would not enforce the terms of the amended operating certificate. However, issuing the amended operating certificate with a termination date of June 30, 2008 itself represents the most substantial step that the Department of Health could take toward implementing the Berger Commission closure mandate. With an operating certificate establishing June 30, 2008 as the cut-off date – extended further only at the mercy of the same agency that is now seeking to shut it down – the Andrus would bear the burden – financial, regulatory, and logistical – of planning for the transfer of all of its 196 elderly residents to other nursing homes notwithstanding the issuance of a preliminary injunction. Furthermore, the Andrus would be duty-bound to disclose to prospective residents as well as health care providers that refer patients to the Andrus for long term care that the Andrus could not assure residents that they could remain in the nursing home beyond June 30, 2008. In short, the issuance of the amended operating certificate would have calamitous effects on the Andrus' continued viability – falling occupancy, reputation as a "lame-duck" provider – that would make closure of the Andrus – now a thriving not-for-profit nursing facility – a self-fulfilling prophecy.

What is more, even if the preliminary injunction were to continue through June 30, 2008 or beyond, the Andrus would be at risk of regulatory non-compliance if come July 1, 2008 it continued operating as a nursing home. Besides the Department of Health, the federal Centers for Medicare and Medicaid Services ("CMS") has regulatory oversight over nursing homes in New York. CMS could sanction the Andrus for operating without a valid operating certificate at any point from July 1, 2008 onward. That is, while the preliminary injunction may bar the Department of Health from taking action, it would not stop CMS from taking regulatory action against the Andrus. Nor would it relieve the Andrus of the collateral consequences, alluded to earlier, of operating under a certificate that will expire on June 30, 2008 – just as the Berger Commission had decreed.

Mr. Gasior states that he sought a one-week adjournment "based solely on my own personal situation."[1] The Court should know that I have never questioned Mr. Gasior's motives. Unfortunately, Mr. Gasior's client appears to view the adjournment as a window of opportunity to implement the Berger Commission closure mandate, notwithstanding this Court's stated intention to maintain the status quo and the pending motion for preliminary injunction seeking to enjoin that very kind of action. Such brinkmanship should not be

---

[1] Evidently, because the Andrus would not acquiesce to the "letter" cum "amended operating certificate" with a two-month lease on its operations, Mr. Gasior is requesting another five days until May 7, 2008 to give him more time to prepare for the Court conference.

Page 2

# CADWALADER

Honorable Charles L. Brieant
April 22, 2008

countenanced when the fate of 196 frail seniors and a half-century old charitable organization hangs in the balance. It is imperative that the defendant refrain from issuing an amended operating certificate at this juncture lest the defendant subvert through accelerated self-help the preliminary injunctive relief that the Andrus in its motion papers has established it is entitled to obtain. In light of defendant's threatened action, we will appear at the White Plains Courthouse tomorrow morning to seek a temporary restraining order.

Respectfully,

Brian T. McGovern

BTM

cc:   John Peter Gasior, Esq. (via Facsimile and Federal Express)

Page 3