UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

JOHN E. ANDRUS MEMORIAL, INC. (d/b/a ANDRUS ON HUDSON),

                      Plaintiff,

        -against-

RICHARD F. DAINES, as Commissioner of the New York State Department of Health,

                      Defendant.

------------------------------------------------------------------------x

2007 Civ. 3432 (CLB)(MDF)

**AFFIRMATION IN SUPPORT OF ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER**

BRIAN T. MCGOVERN affirms and states under penalty of perjury that the following is true and correct:

1. I am an attorney admitted to the bar of this Court, and am Special Counsel at Cadwalader, Wickersham & Taft LLP. We represent the plaintiff John E. Andrus Memorial, Inc. (the "Andrus") in the above-captioned action.

2. I am fully familiar with the facts set forth below and make this affidavit in support of the Andrus' application for a temporary restraining order maintaining the status quo and preventing defendant or his agents from taking any steps to implement the recommendation of the Commission on Health Care Facilities in the 21st Century (the "Berger Commission") that the Andrus' nursing facility be closed, including the rescission or amendment of the Andrus' current operating certificate. The defendant, through his attorney, has indicated that he intends to proceed with the issuance of an "amended" operating certificate, with a termination date of June 30, 2008, notwithstanding plaintiff's pending motion before the Court for a preliminary

injunction and the Court's expressed desire to maintain the status quo until the preliminary injunction application is decided. If this application is denied, and an amended operating certificate is issued, the Andrus will be immediately and irreparably harmed and any preliminary injunctive relief the Court may thereafter grant would be ineffective.

3. This action was commenced on April 30, 2007 to declare invalid and unconstitutional, and to enjoin the defendant's implementation of, the Berger Commission recommendation to require the closure of the Andrus' nursing facility. At oral argument on defendant's summary judgment motion on September 7, 2007, the Court ordered that "the operating certificate of the plaintiff shall remain in full force and effect until further order of this Court." Transcript of Sept. 7, 2007 Oral Argument at pp. 18-19, annexed hereto as Exhibit A. No further Court order has ever vacated that directive.

4. The Court held a conference with the parties on March 28, 2008, at which time the Andrus agreed to file a motion for a preliminary injunction and submit proposed findings of fact by April 11, 2008. Transcript of March 28, 2008 Conference at p. 5, annexed hereto as Exhibit B. The Court made clear that it wanted to keep the status quo in place until the motion could be heard and decided, stating: "it was really [the Court's] expectation that . . . this Court try it and hear it, and make findings and conclusions, and would want to keep the status quo in effect until we can do that."

5. In compliance with the accelerated briefing schedule, the Andrus served its motion papers and proposed findings of fact on April 11, 2008. The Notice of Motion and Affidavit of Betsy Biddle, the Memorandum of Law, and the Proposed Findings of Fact in

Support of Plaintiff's Motion for a Preliminary Injunction are annexed hereto as Exhibits C, D, and E, respectively. A conference was scheduled with the Court for April 25, 2008.

6. After receiving the Andrus' motion papers, Mr. Gasior called, stating that he wished to adjourn the conference scheduled for April 25th for one week, until May 2, 2008, as he had to travel to Florida to assist his parents in transitioning to a new health care facility. I told Mr. Gasior that the Andrus would consent to an adjournment of whatever length was necessary, provided that the status quo would remain in effect and the Andrus' rights were not otherwise prejudiced by doing so. Almost a week after that conversation, Mr. Gasior revealed that, in the very near future, the Department of Health intended to issue a "letter" to the plaintiff pertaining to the surrender of its operating certificate on June 30, 2008, despite the pending motion for a preliminary injunction. The defendant refused the Andrus' request to withhold issuing such a letter until the parties were before the Court.

7. In a letter dated April 21, 2008, Mr. Gasior requested an adjournment of the scheduled conference to May 2, 2008. A copy of that letter is annexed hereto as Exhibit F. In that letter, Mr. Gasior did not mention the threatened letter and reported only that the Andrus did not consent to the adjournment.

8. I responded to Mr. Gasior's letter by letter to the Court dated April 22, 2008. A copy of that letter is annexed hereto as Exhibit G. In this letter, I explained that the plaintiff was willing to agree to an adjournment, but that the defendant would not agree to refrain from sending the threatened letter.

9. Mr. Gasior responded with a second letter dated April 22, 2008. A copy of that letter is annexed hereto as Exhibit H. In that letter, Mr. Gasior clarified that the

Department of Health intended to issue not a letter, but an "amended operating certificate", which would expire on June 30, 2008, consistent with the Berger Commission mandate. In his letter, Mr. Gasior asserted that issuing an amended operating certificate would not change the status quo in this litigation.

10. I responded to Mr. Gasior's latest contentions in a second letter dated April 22, 2008, pointing out that issuing an amended operating certificate would in no way preserve the status quo. A copy of that letter is annexed hereto as Exhibit I. As explained in greater detail in that letter (Exhibit I), the issuance of an amended operating certificate would cause immediate and irreparable injury to the Andrus. If made to operate with a certificate set to expire on June 30, 2008, the Andrus would have to begin planning for the transfer of its current residents, cease accepting new residents, and tell prospective residents and referral sources that the Andrus could not assure their continued residence and long term care beyond June 30, 2008. It would suffer a decline in occupancy and revenues and would experience a complete and immediate reversal its successful operations, currently at full capacity with a net operating surplus.

11. I certify that, in addition to stating in my April 22, 2008 letter (Exhibit I) that the Andrus would be seeking a temporary restraining order from this Court, on the morning of April 23, 2008, I also telephoned Mr. Gasior at 9:54 P.M. on April 22, 2008 and left him a voicemail message, advising him that I would be appearing in Court at 9 A.M., April 23rd, to make this application and leaving a cell phone number where I could be reached.

12. Accordingly, the Andrus requests that this Court grant a temporary restraining order to preserve the status quo, consistent with its directives.

-5-

WHEREFORE, for the reasons set forth above, I respectfully request that the Court grant the Andrus' application for a temporary restraining order.

Dated: April 23, 2008
      New York, New York

                                                  s/Brian T. McGovern
                                                  Brian T. McGovern