

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

Writers Direct Dial
212-416-8570

LESLIE G. LEACH
Executive Deputy Attorney General
Division of State Counsel

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

April 22, 2008

**VIA FACSIMILE TO 914-390-4085**

Hon. Charles L. Brieant
United States District Court
300 Quarropas Street
White Plains, NY 10601-4150

Re:   John E. Andrus Memorial, Inc. v. Daines, S.D.N.Y. 07-CV-3432 (CLB) (KNF)

Dear Judge Brieant:

This office represents the defendant in the above captioned action. This letter responds to the letter sent to you earlier today by plaintiff's counsel, Brian McGovern. When I sought Mr. McGovern's consent yesterday to adjourn the April 25th hearing, it was based solely on my own personal situation, i.e., the need to attend to my parents in Florida. As a condition for the adjournment, however, plaintiff demanded that the New York State Department of Health ("DOH") refrain from issuing Andrus an amended operating certificate, which would terminate on June 30, 2008. June 30th was chosen as the date for the amended certificate to terminate because that also is the termination date of DOH's authority under the Enabling Legislation to effectuate the Berger Commission's recommendations. As requested by Mr. McGovern, I asked whether DOH would refrain from issuing the amended certificate and was told that it would not, because issuance of the amended certificate will not change the status quo in this litigation.

First, DOH has informed me, and I informed Mr. McGovern, that issuance of the amended certificate will have no consequence whatsoever to Andrus' day-to-day operation prior to June 30, 2008. No one, outside of Andrus and DOH, needs to know that an amended certificate has been issued. Nothing would require the disclosure of the amended certificate to residents, physicians, vendors or the community, pending resolution of plaintiff's motion for a preliminary injunction or, if the injunction is granted, the conclusion of this litigation. Second, plaintiff itself asserts that it has been thriving during the period since the Commission's closure

recommendation was publicly announced in November 2006. It is thus difficult to understand how issuance of the amended certificate, of which the public is not aware, would alter the status quo, especially since the Court, presumably, will have decided plaintiff's motion well before June 30, 2008. Third, should the Court issue a preliminary injunction, DOH is fully prepared to do everything necessary to keep Andrus operating in its present form, including issuance of an amended operating certificate operative for the duration of this litigation, including appeals. Thus, DOH's issuance of the letter and amended operating certificate will have no effect on the status quo in this litigation.

I also note that, in an effort to expedite the Court's consideration of plaintiff's motion, I informed plaintiff's counsel that DOH is prepared to concede, for purposes of plaintiff's current motion only, that Andrus would suffer irreparable harm if the amended certificate expired on June 30th and it was forced to close its doors. Defendant believes that this concession would largely obviate the need for a hearing on factual issues related to plaintiff's motion for a preliminary injunction and assure that the motion is decided well in advance of June 30th. If plaintiff is determined to introduce more extensive evidence to support a finding of irreparable harm, then defendant will want to present evidence negating such a finding.

In conclusion, the request for an adjournment of the April 25th conference was based solely on my own circumstances. I requested an adjournment only to May 2, 2008, even though a longer adjournment, preferably at least to May 7th, would have allowed me to be better prepared for the conference. It is my understanding that the actions DOH intends to take will not disturb the status quo.

Accordingly, I request that the Court adjourn the April 25th conference to May 7, 2008.

Respectfully submitted,

John P. Gasior

cc: Brian T. McGovern, Esq. via Facsimile to 212-504-6666