

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN E. ANDRUS MEMORIAL, INC.
(d/b/a ANDRUS ON HUDSON),

                     Plaintiff,                    REPORT & RECOMMENDATION

          - against -                        07 Civ. 3432

RICHARD F. DAINES, as Commissioner of
the New York State Department of Health,

                     Defendant.
------------------------------------------------------------x

TO: THE HONORABLE SIDNEY H. STEIN, U.S.D.J.

      In this action, Plaintiff John E. Andrus Memorial, Inc. ("the Andrus"), a nursing home in Hastings-on-Hudson, New York, seeks declaratory and injunctive relief from the attempt of Defendant Richard F. Daines, Commissioner of the New York State Department of Health, upon the recommendation of the New York State Commission on Healthcare Facilities in the 21st Century, to require the Andrus either to cease operating as a nursing home or to operate as an assisted living facility. The Commission is often referred to as the "Berger Commission" after its chairman, Stephen Berger.

      On April 15, 2008, Plaintiff moved for a preliminary injunction "to prevent the defendant from taking any further steps to implement the recommendation made by the [Berger Commission] to close the Andrus' nursing facility, or otherwise seek the surrender of the Andrus' operating certificate pending the final determination of this action." Before the motion was briefed, however, the Andrus learned that the New York State Department of Health, concerned with the impending June 30, 2008 deadline for the implementation of the Berger

Copies mailed / handed / faxed to counsel 6/25/08

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Commission's recommendations, intended to issue a new operating certificate to the Andrus which would expire on June 30, 2008. The Andrus currently operates under an operating certificate which has no expiration date.

Therefore, on April 23, 2008, the Andrus filed an Order to Show Cause for Injunctive Relief with Temporary Restraining Order, seeking to enjoin Defendant and his agents (a) from taking any further steps to implement the recommendation made by the Berger Commission to close John E. Andrus Memorial, Inc.'s nursing facility; (b) from issuing an amended operating certificate to the Andrus; and (c) from otherwise seeking to revoke or modify the Andrus's operating certificate. Prior to issuing the order, Judge Charles L. Brieant, to whom this action was previously assigned, held a conference with counsel for the Andrus, during which counsel for Defendant was present by telephone. At that conference, which was held on the record, the parties discussed the briefing schedule and return date for Plaintiff's Motion for Preliminary Injunction, as well as the parties' need for depositions prior to the return date. Counsel for Defendant indicated that "if the Court were to issue a TRO, . . . that [he and Defendant] would work expeditiously with them to get the depositions they need. And that if [they] couldn't do it at the end of that time, [they] would consent to extend the TRO in order to allow them to get these three depositions." (Tr. 34:23-35:5, April 23, 2008.) Both sides contemplated that the Temporary Restraining Order would continue until the hearing on the preliminary injunction, as Counsel for Plaintiff stated, "And we would further agree, as I understand from [counsel for Defendant] to an extension of the TRO until we can work out the appropriate dates for the hearing." (Tr. 36:9-12.) Counsel for Defendant responded, "My main concern . . . is that the TRO be issued, because that would be a clear indication that my client is precluded from

2

proceeding with issuing the amended certificate, and that way there will be no question later on that it was not able to proceed with meeting the Berger Commission's mandate by June 30th." (Tr. 36:13-18.) In fact, the parties seemed content with an open-ended temporary restraining order, and Judge Brieant responded, "That seems reasonable. But I can't issue an Order to Show Cause without a return date . . . ." (Tr. 35:12-14.)

Judge Brieant issued the Temporary Restraining Order, stating on the record that "[t]he Court makes all of the findings of fact and conclusions of law to support the order, which are set forth in the proposed order itself" (Tr. 41:14-16), and set a briefing schedule and a hearing date of May 7, 2008 for the motion for preliminary injunction. The Temporary Restraining Order enjoined Defendant and his agents from taking any further steps to implement the Berger Commission's recommendations, "pending the hearing and determination of plaintiff's application for preliminary injunctive relief." (Order to Show Cause for Injunctive Relief with Temporary Restraining Order, April 23, 2008.)

By letter dated May 2, 2008, counsel for Plaintiff requested an adjournment of the May 7, 2008 hearing date, stating as follows:

> The Order to Show Cause provided for a Temporary Restraining Order pending the hearing and determination of plaintiff's application for preliminary injunctive relief. We wish to confirm our understanding that the Court has determined good cause for extending the TRO beyond the 10-day limit in Fed. R. Civ. P. 65(b)(2).
>
> *I have reviewed the contents of this letter with my adversary, who does not object.*

Letter from Brian T. McGovern to the Honorable Charles L. Brieant, May 2, 2008 (emphasis added). Judge Brieant memo endorsed the letter as follows: "The evidentiary hearing scheduled for May 7, 2008 is cancelled. Counsel are to contact the Court, Mrs. Alice Cama, Courtroom

3

Deputy, to re-schedule this hearing." The hearing was later rescheduled to begin on June 25, 2008.

Now for the first time, two days before the preliminary injunction hearing, Defendant argues that the Temporary Restraining Order expired 10 days after issuance, on May 7, 2008, because Judge Brieant's endorsement of Plaintiff's counsel's May 2, 2008 letter "did not meet the requirements of Rule 65(b)(2)." Letter from John P. Gasior to Magistrate Judge Fox, June 24, 2008. Rule 65(b)(2) of the Federal Rules of Civil Procedure provides that a temporary restraining order "expires at the time after entry—not to exceed 10 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). "The reasons for an extension must be entered in the record." *Id.* Plaintiff argues that "[b]oth good cause *and* consent of the parties for extending the TRO beyond ten days were established and entered in the record on April 23, 2008," even if Judge Brieant did not explicitly use the words "good cause." (Pl.'s Mem. in Opp'n to Def.'s Req. to Modify TRO.)

After reviewing the submissions and hearing oral argument, I conclude, and respectfully recommend that Your Honor conclude, that it is obvious from the record that the Temporary Restraining Order issued on April 23, 2008 was extended for good cause beyond 10 days until, as stated in the order, the hearing and determination of Plaintiff's application for preliminary injunctive relief.

I further conclude, and respectfully recommend that Your Honor conclude, that even if the original Temporary Restraining Order had expired, good cause now exists to issue a new order. The circumstances since Judge Brieant issued the Temporary Restraining Order have not

4

changed, except that the New York State Department of Health again seeks to issue a new operating certificate to the Andrus which would expire on June 30, 2008.

There will be irreparable harm to the Andrus if it is issued a new operating certificate with an expiration date of June 30, 2008 or any other date, because the Andrus is required under Department of Health regulations to notify "each patient or resident, his next of kin, his sponsor and his physician . . . immediately upon receipt of notification by the Department revoking, suspending, limiting, annulling or refusing to issue the operating certificate." N.Y. Comp. Codes R. & Regs. tit. 10, § 401.3(h). The Andrus is also required to post the operating certificate "conspicuously." N.Y. Comp. Codes R. & Regs. tit. 10, § 401.2(c). The Federal Centers for Medicare and Medicaid Services may sanction the Andrus for failure to operate in compliance with all applicable State regulations. 42 C.F.R. 483.75(b). The Andrus's compliance with these regulations, upon receipt of an amended operating certificate with an expiration date, would cause immediate, likely irreparable adverse impact on the Andrus's viability.

In his March 10, 2008 Memorandum and Order denying Defendant's motion for summary judgment, Judge Brieant concluded that there exist genuine issues of material fact as to whether the enabling legislation that created the Berger Commission and the Berger Commission's procedures and recommendations satisfied the requirements of the Due Process, Takings and Contracts Clauses of the United States Constitution. Plaintiff's probability of success on the merits will be addressed in connection with Plaintiff's Motion for Preliminary Injunction.

In support of its procedural due process claim, Plaintiff argues that it was never notified that it was being targeted for closure, until the Regional Advisory Committee and Berger Commission reports, which recommended the Andrus's closure or conversion to assisted living,

were released. Only one meeting took place between the Andrus and the Hudson Valley Regional Advisory Committee and the Andrus was told that the purpose of the meeting was to tell the "good story" about the Andrus. If this is true, it seems that the Andrus was not provided with notice and an opportunity to be heard, as required to satisfy procedural due process, *see Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985).

In support of its substantive due process claims, Plaintiff argues that the factual information relied upon by the Berger Commission in reaching its determination to close the Andrus was overwhelmingly faulty. The enabling legislation which created the Berger Commission provided that, in deciding whether to close a particular facility, the Commission was to focus on criteria including the extent to which an existing facility meets the health care needs of the community, the stability and efficiency achieved in the provision of health care, the economic impact of any actions recommended by the Commission, and the feasibility of converting the use of existing facilities. The Andrus argues that the Berger Commission erroneously assumed the Andrus was operating at low occupancy and at a deficit, by considering the Andrus to be a 247-bed facility even though it had become a 197-bed facility in 2002 and by failing to consider its 2005 financial statements, which reported a surplus of over half a million dollars. The Andrus argues that the Commission erroneously reported that the Andrus had been cited by inspectors for 26 deficiencies in 2005, when the 2005 deficiency report actually listed only 14 deficiencies. If the information upon which the Berger Commission relied was wrong and without basis, it seems that the Commission's findings and recommendation to close the Andrus based on these findings would be outrageously arbitrary and conscious-shocking, in violation of substantive due process, *see Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994).

6

Therefore, I respectfully recommend that Your Honor extend the Temporary Restraining Order previously issued by Judge Brieant until such time as Your Honor rules on my Report and Recommendation on Plaintiff's Motion for Preliminary Injunction.

## **NOTICE**

The parties have two (2) business days to file written objections to this Report and Recommendations. Because of Defendant's concern with the June 30, 2008 deadline for the implementation of the Berger Commission's recommendations, and with the agreement of counsel for the Defendant, the Court has shortened the time for objecting from the ten (10) days provided by 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Sidney H. Stein, at the United States Courthouse, 500 Pearl Street, New York, New York 10007 and to the chambers of the undersigned at this Courthouse, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to the Report and Recommendation will preclude later appellate review of any order to judgment that will be entered by Judge Stein. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of H.H.S.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); *Wesolek v. Canadair, Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988). Requests for extension of time to file objections must be made to Judge Stein and should *not* be made to the undersigned.

Dated: June 25, 2008
      White Plains, New York

Respectfully submitted,

_____
Mark D. Fox
United States Magistrate Judge

Copies of the foregoing have been sent to the following:

Honorable Sidney H. Stein, U.S.D.J.

Brian T. McGovern, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

John P. Gasior, Esq.
Assistant Attorney General of the State of New York
120 Broadway
New York, NY 10271-0332