UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN E. ANDRUS MEMORIAL, INC. (d/b/a   :
ANDRUS ON HUDSON),                     :
                                       :      07-CV-3432 (CLB) (MDF)
                         Plaintiff,    :
        -against-                      :
                                       :
                                       :
RICHARD F. DAINES, as Commissioner of the :
New York State Department of Health,   :
                                       :
                         Defendant.    :
------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OBJECTIONS TO REPORT & RECOMMENDATION AND REQUEST FOR EMERGENCY RELIEF

ANDREW M. CUOMO
Attorney General of the
 State of New York
<u>Attorney for Defendants</u>
120 Broadway - 24th Floor
New York, New York  10271

John Gasior
Barbara K. Hathaway
Assistant Attorneys General
 <u>Of</u> <u>Counsel</u>
212-416-8570

**PRELIMINARY STATEMENT**

This lawsuit challenges a determination of a special state commission, called the Berger Commission, which in late 2006 included the nursing home Andrus on Hudson on its extensive list of health care facilities that needed to be shut down or restructured to alleviate the overcapacity that was contributing to the State's health care crisis. By the terms of the legislation that created the Berger Commission (the "Enabling Legislation"), defendant Richard F. Daines, the Health Commissioner of the State of New York, is charged with implementing the Commission's recommendations by June 30, 2008. After that date, the Enabling Legislation will expire and the Department of Health ("DOH") may no longer have authority to do so.

Because of an overbroad Temporary Restraining Order ("TRO"), unless this Court acts, the June 30 deadline will soon pass without DOH being able to carry out its statutory duties, effectively immunizing the plaintiffs from the Commission's recommendation and providing them with the entire relief they seek in this litigation — notwithstanding that no finding has even been made that plaintiffs are likely to prevail in this litigation, let alone an actual ruling on the merits. Not only is this outcome improper, it was not the intention of Judge Charles L. Brieant, who initially issued the TRO on April 23, 2008, pending the resolution of plaintiff's preliminary injunction ("PI") motion. Judge Brieant fell ill before the could hear the PI motion. In a June 25, 2008, Report and Recommendation ("R & R"), Magistrate Judge Mark D. Fox, who was involved in this matter for the first time, recommended extending the existing TRO beyond June 30, 2008 without modification, never acknowledging the consequences to defendant of doing so.

The DOH now asks this Court to modify the TRO in order to protect the status quo as this litigation continues. Below, it proposes specific language that another federal judge faced with a similar situation recently concluded suffices to protect both parties' interests. In essence,

defendant proposes that DOH be permitted to issue a revised operating certificate with a future expiration date, the only action it must take before June 30, at which point this Court would enjoin the effective date of that operating certificate, and otherwise enjoin DOH so as to protect Andrus' interests, thereby fully protecting the status quo for plaintiff and the defendant. In addition, DOH is willing to work with this Court and opposing counsel to address any legitimate concerns that may arise. What is not acceptable is permitting plaintiff to win its case without ever proving anything, by taking advantage of an overbroad and lengthy TRO to run out the clock on DOH's statutory authority. Plaintiff is entitled to the preservation of the status quo, not a windfall victory.

## BACKGROUND

In this action, filed on April 30, 2007, plaintiff, John E. Andrus Memorial, Inc. ("Andrus"), presents constitutional challenges to the Enabling Legislation, which created the New York State Commission on Healthcare Facilities in the 21st-First Century, known as the Berger Commission. It also challenges the recommendation in the Commission's report, A Plan To Stabilize and Strengthen New York's Health Care System ("Commission Report"), that the nursing home operated by Andrus must be restructured or closed.

The Berger Commission was given wide-ranging authority to reconfigure the state's general hospital and nursing home bed supply by means of recommendations to close, resize, consolidate, convert or restructure those facilities. In November 2006, the Berger Commission issued the Commission Report, which recommended the closure or restructuring of fifty-seven hospitals and a number of nursing homes around the State.

Under the Enabling Legislation, the Berger Commission was dissolved shortly after

issuing its recommendations, leaving defendant to implement the Berger Commission's recommendations. Section 9 of the Enabling Legislation, which shall be deemed repealed this Monday, is titled "Implementation of Recommendations." Section 9 requires defendant "to take all actions necessary to implement . . . the recommendations of the [Berger C]ommission . . . including . . . (ii) the rescission of operating certificates and establishment approvals issued to those facilities selected for closure by the commission." Under this provision, defendant became obligated to rescind plaintiff's operating certificate.

As noted above, the Enabling Legislation contains a provision, Section 11, which causes Section 9 -- that portion of the legislation authorizing and requiring defendant to close facilities like Andrus by June 30, 2008 -- to "expire and be deemed repealed June 30, 2008."

This action was filed on April 30, 2007, but little happened for a year, after Judge Brieant stayed the litigation, including a decision on defendant's motion for summary judgment, to await the results of similar state-court litigation involving the Commission's constitutionality.[1]

On March 10, 2008, Judge Brieant denied defendant's motion for summary judgment. On March 13, 2008, defendant's counsel wrote to Judge Brieant and stated:

> . . . it is defendant's understanding that, while the Court denied defendant's motion for summary judgment, there presently is no Court order preventing the New York State Department of Health ("DOH") from implementing the Berger Commission's recommendation to close Andrus. Significantly, plaintiff has never moved for an order enjoining implementation of the Berger Commission's recommendations. It is important for DOH to move quickly on the Berger Commission's

---

[1] Defendant prevailed in this action in the Fourth Department, and the New York Court of Appeals subsequently determined that the due process claims raised by the plaintiffs in that case (the same issues plaintiff has raised in this case) do not present a substantial constitutional question that merits that court's review. See St. Joseph Hosp. of Cheektowaga v. Novello, 43 A.D.3d 139 (4th Dep't), appeal dismissed, 9 N.Y.3d 988 (2007), leave denied, 10 N.Y.3d 702 (2008).

3

> recommendations because section nine of the Enabling Legislation at issue in this litigation -- Implementation of Recommendations -- "shall expire and be deemed repealed June 30, 2008."
>
> Accordingly, absent an order specifically enjoining defendant from implementing the Berger Commission's recommendations regarding Andrus, DOH immediately will initiate procedures to revoke Andrus' operating license, and take such other measures as are necessary to fulfill the Berger Commission's recommendations.

On March 28, 2008, Judge Brieant held a conference and authorized plaintiff to file a motion for a preliminary injunction. On April 11, 2008, plaintiff filed its motion seeking an order preventing defendant "from taking any further steps to implement the recommendation made by the Commission . . . to close Andrus' nursing facility, or otherwise seek the surrender of the Andrus' operating certificate . . . ." Cognizant of the swift approach of the June 30, 2008 expiration and repeal of defendant's statutory authority to rescind plaintiff's operating license, defendant indicated through counsel that he was intent on taking preliminary steps to ensure that he retained the authority to act after June 30, 2008. When plaintiff was apprised that defendant was considering taking such steps, plaintiff filed an Order to Show Cause for Injunctive Relief With Temporary Restraining Order on April 23, 2008. Judge Brieant signed the Order to Show Cause and ordered that,

> pending the hearing and determination of plaintiff's application for preliminary injunctive relief, defendant and its agents be, and hereby are, enjoined from (a), taking any further steps to implement the recommendation made by the Commission . . . to close . . . Andrus . . . nursing facility; (b) issuing an amended operating certificate to the Andrus; and (c) otherwise seeking to revoke or modify the Andrus' operating certificate . . . .

Judge Brieant further ordered defendant to show cause before the Court, ten days later, on May 7, 2008. It was defendants' understanding that on May 7, 2008, or at such time as there was a hearing on plaintiff's motion, the issue of the June 30, 2008 "expiration and repeal" of

4

defendant's authority to act, would be raised with Judge Brieant.

On May 2, 2008, plaintiff's counsel, Brian McGovern sent a letter to Judge Brieant. The letter informed the court that the three depositions requested by plaintiff would not take place by May 7, 2008 and also stated that, "We wish to confirm our understanding that the Court has determined good cause for extending the TRO beyond the 10-day limit in Fed. R. Civ. P. 65(b)(2)." On May 5, 2008, Judge Brieant endorsed Mr. McGovern's letter, stating, "The evidentiary hearing scheduled for May 7, 2008 is cancelled. Counsel are to contact the Court, Ms. Alice Cama, Courtroom Deputy to re-schedule this hearing. So Ordered."

Thereafter plaintiff conducted three depositions, those of the former Executive Director of the Berger Commission, a former commissioner of the Berger Commission and now Department of Health Deputy Commissioner, and DOH's Director of the Division of Health Facility Planning. The last of these depositions took place on June 9, 2008. The hearing on plaintiff's motion for a preliminary injunction was re-scheduled for June 25th and 26th. It was defendant's intent to raise the issue of the June 30, 2008 "expiration and repeal" of section 9 of the Enabling Legislation at the hearing.

On June 18, 2008, counsel were contacted by Judge Brieant's chambers and informed that Judge Brieant was ill and that he was referring the evidentiary hearing of plaintiff's motion for a preliminary injunction to Magistrate Judge Mark D. Fox. On June 20, 2008, defendant's counsel sent a letter to Magistrate Judge Fox, which, among other issues, noted that "There is particular urgency to this motion because the Enabling Legislation which created the Commission states that DOH's authority to implement the Commission's recommendations expires on June 30, 2008." See Gasior Aff. Exh. H.

5

On Monday, June 23, 2008, Magistrate Judge Fox held a conference with the parties to discuss the upcoming hearing. At the conference, defendant's counsel raised the issue of whether Judge Brieant's TRO had been extended beyond the 10-day limit imposed by Fed. R. Civ. Proc. Rule 65(b)(2), for good cause, with the reasons for an extension entered in the record, and the issue of the June 30, 2008 "expiration and repeal" deadline. Magistrate Judge Fox ordered the parties to fax him 2-page letter briefs by noon the next day, Tuesday, June 24, 2008, and to appear at 2:30 that same day to present argument on these issues. Copies of the parties' 2-page letter briefs are attached to the Gasior Affidavit as Exhibit D.

At the June 24, 2008 hearing, Magistrate Judge Fox heard oral argument on defendant's application regarding the extension of the TRO and defendant's argument that he should be permitted to issue Andrus, on or before June 30th, an amended certificate with an expiration date set in the future. On Wednesday, June 25, 2008, Magistrate Judge Fox issued a Report & Recommendation, finding that Judge Brieant's TRO had been extended for good cause beyond the 10-day limit imposed by Fed. R. Civ. Proc. Rule 65(b)(2). He also found, that,

> There will be irreparable harm to the Andrus if it is issued a new operating certificate with an expiration date of June 30, 2008 or any other date, because the Andrus is required under Department of Health regulations to notify "each patient or resident, his next of kin, his sponsor and his physician . . . immediately upon receipt of notification by the Department revoking, suspending, limiting, annulling or refusing to issue the operating certificate. N.Y. Comp. Codes R. & Regs. tit. 10, § 401.3(h). the Andrus is also required to post the operating certificate "conspicuously." N.Y. Comp. Codes R. & Regs. tit. 10, § 401.2(c). The Federal Centers for Medicare and Medicaid Services may sanction Andrus for failure to operate in compliance with all applicable State regulations. 42 C.F.R. 483.75(b). The Andrus's compliance with these regulations, upon receipt of an amended operating certificate with an expiration date, would cause immediate, likely irreparable adverse impact on the Andrus's viability.

Magistrate Judge Fox June 25, 2008 Report & Recommendation at 5.

Magistrate Judge Fox made no mention of the irreparable harm that DOH and the public interest would suffer under the terms of the TRO.

## **ARGUMENT**

The language in section 11 of the Enabling Legislation, stating that defendant's authority to implement the Commission's recommendations "shall expire and be deemed repealed", presents a unique situation for the parties and this Court. If defendant does not rescind plaintiff's operating certificate by Monday, it is unclear whether a federal court can effectively "resurrect" his authority under section nine to implement the Commission's recommendations.

The purpose of a TRO is to preserve the *status quo* for both plaintiff *and* defendant pending a merits-based decision in this litigation. The *status quo*, however, probably will be irretrievably lost if the Court does not permit defendant to take limited action, with specific protections for plaintiff, by this Monday, June 30, 2008. Instead, DOH's statutory authority to implement the Commission's recommendation will lapse, and plaintiff likely will win the full relief it sought in this case, without ever securing more than a TRO.

Defendant, therefore, requests that he be permitted to issue Andrus an amended operating certificate with a conditional expiration date, set sufficiently in the future to assure that this litigation will proceed, unimpeded, to a merits based conclusion. The Court can set additional conditions to the amended certificate, making it explicit that defendant may take no further action of any kind to close Andrus, thereby preserving Andrus as an ongoing business.

This is precisely the type of balanced action the court took this week in In Re: Legacy Healthcare, LLC, BK No. 1-05-11270 (MJK) (W.D.N.Y. Bankr.), another litigation challenging

the Enabling Legislation and Berger Commission recommendations. In order to preserve the *status quo*, the court in Legacy Healthcare modified a previously issued preliminary injunction by adding a paragraph providing that:

> nothing in this injunction shall preclude DOH from amending or revising the operating certificate of Williamsville Suburban, LLC, to terminate as of December 31, 2008, it being understood that it is the intention of this court to order such extensions of the termination date as would be necessary to reach a culmination of this litigation at the trial court level, and this court reserves the right to order DOH to make further interim extensions of the operating certificate as necessary to maintain its effectiveness pending final adjudication of the issues presented in this litigation. If the Court renders a final adjudication in favor of the State, this injunction shall be immediately dissolved, and Williamsville Suburban shall implement the closure plan previously approved by DOH. If the Court renders a final adjudication in favor of the debtor, this injunction shall continue in effect until permanent relief is granted to the debtor.

See Gasior Aff. Exh. I.

Defendant proposes that this Court adopt the same or similar language. The Court should permit DOH to issue an amended certificate with an expiration date six months from now (as in Legacy Healthcare), or some other suitable time as the Court may deem necessary. It then may immediately enjoin DOH from taking any further action to compel Andrus to undertake a closure plan or other measures, pending resolution of plaintiff's motion for a preliminary injunction. Armed with a functional and effective certificate, Andrus can carry on all business as usual, albeit through Court intervention. That is the same situation that has prevailed since Andrus initiated this litigation.

Plaintiff incorrectly contends that it will be subject to irreparable injury if DOH issues an amended operating certificate. It argued before Magistrate Judge Fox that it would suffer irreparable harm because it would be required to publicly post that certificate and inform its

8

residents and others of the certificate's new expiration date. But the harm that this would cause plaintiff is purely speculative and, in any event, cannot be bootstrapped into the windfall victory that plaintiff seeks in the guise of protecting the status quo.

First, this Court may enjoin any requirement that plaintiff post the amended operating certificate. Defendant would consent to such an injunction pending the preliminary injunction outcome, and such relief would entirely obviate plaintiff's expressed concerns.

Second, even if plaintiff had to post an operating certificate with a December 31, 2008 (or later) expiration date, there is no reason to think this would cause it irreparable harm. Plaintiff still would be posting a valid certificate that would give residents no reason to question its ability to operate during the pendency of this litigation. At most, the existence of an expiration date simply suggests that there is some question about plaintiff's long-term existence, which is in fact true, given the Commission's recommendation. To the extent that plaintiff seeks the authority to mislead the public about the force of that recommendation, there is no reason why this Court should be a party to such a practice.

In any event, it is doubtful that the amended operating certificate would raise any new red flags for patients, vendors, or anyone else. That plaintiff is under an order to close, which may eventually be fully enforced should defendant prevail in this litigation, is hardly a secret. The recommendation was made in a public and well-publicized final report issued in November 2006, which certainly alerted the public to Andrus' likely closure. What is more, plaintiffs Executive Director, Betsy Biddle, recently testified at the hearing on plaintiff's motion for a PI that residents and staff at Andrus were apprised of the Berger Commission's recommendations and they have been given reports on the progress of this litigation. She also testified that, despite

sharing this information, the Andrus remains a thriving institution, with high occupancy rates and a strong financial status.

The bottom line is that it is purely speculative that plaintiff will suffer any irreparable harm if an amended operating certificate issues. On the other hand, it is probable that barring DOH from taking such an action will result in the agency forever losing its authority to implement the Commission's recommendation. Any harm that plaintiff must possibly suffer cannot justify the windfall it seeks to obtain, or the harm that such a bar would inflict, upon DOH and upon the residents of this State more broadly, since they will be deprived of a nursing home closure that the Commission found will benefit health care in this State. No Court has yet found that determination to be mistaken, let alone unconstitutional. This Court should ensure that such findings must be made, in accordance with the law, before the Commission's recommendation is effectively annulled.

Dated: New York, New York
      June 27, 2008

      ANDREW M. CUOMO
      Attorney General of the
        State of New York
      <u>Attorney for Defendant</u>
      120 Broadway, 24th Floor
      New York, New York 10271

      By: _/s/_____
      John Gasior
      Barbara K. Hathaway
      Assistant Attorneys General
      120 Broadway, 24th Floor
      New York, New York 10271
      212-416-8570

To:    Peter G. Bergmann, Esq.
        Brian McGovern, Esq.
        Cadwalader, Wickersham & Taft LLP
        One World Financial Center
        New York, New York 10281
        Telephone: 212-504-6000